IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JOHN D. RUDD | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:08-CV-00240 |
| | ) | JUDGE ECHOLS |
| CHUBB NATIONAL INSURANCE | ) | |
| COMPANY | ) | MAGISTRATE JUDGE GRIFFIN |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Defendant Chubb National Insurance Company ("Chubb") submits the following memorandum of law in support of its motion for partial summary judgment.

### FACTS

The Plaintiff and his wife were owners of a residence located at 180 Blair Blvd., Lavergne, Rutherford County, Tennessee. The home was insured against fire loss by Chubb National Insurance Company ("Chubb") under Chubb homeowner policy No. 1220636301. On August 14, 2005, the residence was destroyed by an explosion and fire.

The Coverage Summary renewal of the policy provides that plaintiffs' dwelling was insured for $2,451,000 in deluxe coverage with **Extended Replacement Cost.**

The policy in question contains the following relevant provisions:

> **Payment basis**
> Your Coverage Summary indicates the payment basis for each house. [See Page B-1 of Exhibit 1]
> \* \* \*
> "Reconstruction cost" means the amount required at the time of loss to repair, replace or rebuild, whichever is less, at the same location, your house or any other permanent structure, using like design, and the quality of materials and workmanship which existed at the time of loss. . . ." [See Page B-1 of Exhibit 1]
> \* \* \*
> **Extended replacement cost.** If the payment basis is extended replacement cost, we will pay the <u>reconstruction cost</u> even if this amount is greater than the amount of coverage shown in your policy. (emphasis supplied)
> \* \* \*
> This payment basis is subject to the following limitations:
> - \* \* \*
> - <u>If you do not repair, replace, or rebuild your house</u> or other permanent structure <u>at the same location</u>, the payment basis will be verified replacement cost. . . . [See Page B-2 of Exhibit 1] (emphasis supplied)
> \* \* \*
> **Verified replacement cost.** If the payment basis is verified replacement cost, we will pay the reconstruction cost of:
> - your house up to the amount of coverage shown in the Coverage Summary; and
> - other permanent structures up to the amount of coverage for other permanent structures, whether or not you actually repair, replace or rebuild. . . . [See Page B-2 of Exhibit 1]

The Plaintiff and his wife have demanded that Chubb pay for the construction of a new residence at a different location, one which is <u>not</u> the same location as that insured under the policy. Plaintiff and his wife have demanded that Chubb pay for construction of a new residence at a location that is not on the same street, not in the same neighborhood and is, in fact, in a

2

completely different county (Davidson) than the insured property (Rutherford).

Over two years before suit was filed, Chubb paid the **verified replacement cost** policy limit to the Plaintiff and his wife in September 2005, in the amount of $2,522,079.00, which sum represents the policy limit on the dwelling increased by the Consumer Price Index as provided in the policy.

Chubb asserts that the **extended replacement cost** provision of its policy should be construed by the natural, plain and ordinary meaning of the words in the policy. Under the **extended replacement cost** provision of the policy, Chubb is legally obligated to pay an amount greater than what it has already paid so long as the home is rebuilt at the <u>same location</u> as listed in the policy.

### Standard of Review

"Under Federal Rule of Civil Procedure 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). So long as the movant has met its initial burden of 'demonstrat[ing] the absence of a genuine issue of material fact,' *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548, and the nonmoving party

3

is unable to make such a showing, summary judgment is appropriate. *Emmons v. McLaughlin,* 874 F.2d 351, 353 (6th Cir.1989). In considering a motion for summary judgment, 'the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion.' *Kochins v. Linden-Alimak, Inc.,* 799 F.2d 1128, 1133 (6th Cir.1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party 'must set forth specific facts showing that there is a genuine issue for trial.' Fed.R.Civ.P. 56(e); *see also Abeita v. TransAmerica Mailings, Inc.,* 159 F.3d 246, 250 (6th Cir.1998). A genuine issue of material fact exists for trial 'if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In essence, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52, 106 S.Ct. 2505." *Southeast Mental Health Center, Inc. v. Pacific Ins. Co., Ltd.*, 439 F.Supp.2d 831 (W.D. Tenn. 2006).

In ruling on a motion for summary judgment, this Court must construe the evidence produced in the light most favorable to the

4

non-moving party, drawing all justifiable inferences in his or her favor.  See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A party may obtain summary judgment if the evidentiary material on file shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of satisfying the court that the standards of Rule 56 have been met.  See *Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986).  The ultimate question to be addressed is whether there exists any genuine issue of material fact that is disputed.  See *Anderson*, 477 U.S. at 248. If so, summary judgment dismissal is inappropriate.

To defeat a properly supported motion for summary judgment, an adverse party "must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  Fed. R. Civ. P. 56(e).  The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue for trial is triggered once the moving party "-- shows] - that is, point[s] out to the district court - that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

5

**ARGUMENT**

"Insurance contracts like other contracts should be construed so as to give effect to the intention and express language of the parties. *Interstate Life & Acc. Ins. Co. v. Gammons*, 56 Tenn.App. 441, 408 S.W.2d 397 (1966). In construing and applying insurance policies, the apparent object and intent of the parties must be kept in mind. *Dempster Bros., Inc. v. U.S. Fidelity & Guaranty Co.*, 54 Tenn.App. 65, 388 S.W.2d 153 (1964). Language in a contract which happens to be technical or complex to the layman, does not render it ambiguous, *Bartlett v. Philip-Carey Manufacturing Co.*, 216 Tenn. 323, 330, 392 S.W.2d 325, 328 (1965), and where there is no ambiguity it is the duty of the court to apply to the words used their usual, natural and ordinary meaning. *Ballard v. North American Life & Casualty*, 667 S.W.2d 79, 82 (Tenn.App.1983). The court cannot, under the guise of construction, make a new and different contract for the parties. *United States Stove Corp. v. Aetna Life Ins. Co.*, 169 Tenn. 264, 267, 84 S.W.2d 582, 583 (1935)." 796 S.W.2d 146 (Tenn. App. 1990).

Tennessee follows the well-settled rule that in construing insurance policies, the language contained in the policy should be given its usual, natural and ordinary meaning. *I. Appel Corporation v. St. Paul Fire & Marine Insurance Co.*, 930
6

S.W.2d 550 (Tenn. App. 1996); *American National Property and Casualty Co. v. Gray*, 803 S.W.2d 693 (Tenn. App. 1990). An insurance contract should be afforded a sensible construction that is consonant with the object and plain intention of the parties. *Dixon v. Gunter*, 636 S.W.2d 437 (Tenn. App. 1982).

It appears that the appellate courts of Tennessee have never construed the provisions of the policy at issue in the present case. However, a very similar factual situation involving interpretation of virtually identical policy language was presented in the case of *Scardino v. American International Insurance Co.*, 2007 WL 3243753 (E.D. Pa. 2007), a federal diversity case decided under Pennsylvania law.

In *Scardino*, as here, the homeowner demanded that the insurance carrier pay the total cost to rebuilt a new home at a different location after its destruction. The *Scardino* policy contained a **"Guaranteed Rebuilding Cost"** provision; such provision is almost identical to the **extended replacement cost** provision of the plaintiffs' policy.

In *Scardino*, plaintiffs' home, located in Radnor Township, PA, was destroyed by a fire. Plaintiffs rebuilt their destroyed home in the same township a mere five minutes' drive away from the former location. The homeowners' policy listed the exact location of the home on the Declarations Page.

7

The insurance policy contained a **Guaranteed Rebuilding Cost** provision, which provides as follows:

> We will pay **Guaranteed Rebuilding Cost** when shown on the Declarations Page of this policy. **Guaranteed Rebuilding Cost** coverage means that for a covered loss we will pay the reconstruction cost of your houses or other permanent structures, for each occurrence, even if this amount is greater than the amount of coverage shown o the Declarations Page. However, <u>you must repair or rebuild your house or other permanent structure at the same location</u>. If not, the maximum payable is the coverage limit shown for that location on the Declarations Page. (emphasis added)

The term "same location" and the word "location" were not defined in the Scardino policy.[1]

Rejecting plaintiff's arguments for Guaranteed Rebuilding Cost benefits, the U.S. District Court granted summary judgment in favor of the insurer and held as follows:

> Under Pennsylvania law, which the parties and Court agree govern this diversity action, interpretation of an insurance contract is generally a question of law properly decided by the court. (Citations omitted).
>
> * * *
>
> When interpreting an insurance policy, "the words of the insurance policy must be construed in their natural, plain, and ordinary sense." (Citation omitted) If the policy's language is clear and unambiguous, the court must enforce its provisions.
>
> * * *

---

[1] The *Scardino* amended complaint is attached to this memorandum as Exhibit 1.

Despite Plaintiffs' best efforts to blur the meanings of the words "same" and "location," and the term "same location," the relevant contractual terms are simply not ambiguous, and must therefore be given effect.

* * *

It is common knowledge that when an insured purchases homeowner's insurance, he buys coverage for his individual properties, not for a broad, undefined expanse of miles of space over which he has no ownership. Plaintiffs' argument fails because it contains no limiting principle: if "same location" can encompass two separate addresses because they are similar and alike in kind, then the fact that Plaintiffs' properties are five minutes apart is irrelevant; indeed, there are arguably properties in greater Delaware County, or in all of Pennsylvania, or even the entire United States, that may well be more similar and alike in kind than 200 Ithan Creek Road and 402 Boxwood Road.

Because Plaintiffs chose to build anew at a location other than 200 Ithan Creek Road, they did not comply with the contract, and thus are not entitled to Guaranteed Rebuilding Cost coverage. Accordingly, Plaintiffs' motion for summary judgment on this issue is denied, and Defendant's motion for summary judgment on Count I is granted.

2007 WL 3243753, slip opinion, pp. 3-4.

Before the present lawsuit was filed, by letter dated November 7, 2007, counsel for the plaintiffs advised Chubb that: "our research has revealed that courts have refused to enforce policy provisions requiring that structures be rebuilt on the same location."

Contrary to the mistaken understanding expressed in counsel's letter of November 7, 2007, Chubb has never suggested that the policy requires "that structures be rebuilt

9

on the same location." On the contrary, Chubb has agreed to pay and has, in fact, paid the policy limits due under the applicable policy provisions based upon the plaintiffs' decision not to rebuild at the same location. See Exhibit 3, 11/27/07 letter.

Plaintiffs' counsel's letter also cited two cases in support of plaintiffs' position. Neither case addressed the specific issue before this Court and neither case involved the same or even similar policy language.

One of the cases cited and relied on by the plaintiffs is *Johnson v. Colonial Penn Insurance Co.*, 127 Msc.2d 749 (NY 1985). In *Johnson*, a homeowner filed suit against the insurer after a fire destroyed the plaintiff's home. The plaintiff chose not to rebuild at the same location but, instead, elected to rebuild at a different location. The defendant insurer tendered payment to the plaintiff following the loss which was computed based on the average replacement cost plus debris removal, less depreciation. The plaintiff then filed suit seeking damages for the amount deducted from the claim for depreciation.

The defendant insurer filed a motion for partial summary judgment arguing that the policy required a deduction for depreciation when the insured elected to rebuild at a different location other than that insured by the policy.

10

The Court found the language of the insurance policy in question to be ambiguous and held that the carrier was not permitted to deduct depreciation because the same location or "same premises" language was not included in the clause of the policy relied on by the defendant as the basis for deducting depreciation.

Unlike the policy language in *Johnson*, the Chubb policy language before the Court in this case clearly and unambiguously provides a specific basis for calculating proceeds due when the insured does not repair at the same location. The holding in *Johnson* simply does not support the plaintiffs' position and does not address the issue presented in this motion - that is, the amount of proceeds due when the insured elects to rebuild at a location other than the location insured in the policy.

In the case of *Kumar v. Travelers Insurance Co.*, 211 A.D.2d 128 (NY 1995), the other case relied on and cited by the plaintiffs, the insured filed suit to recover additional proceeds claimed to be due under a homeowners insurance policy after fire destroyed the plaintiffs' home. The insureds, husband and wife, had divorced before the fire occurred and the husband had purchased a separate home before the fire. After the loss, the wife rebuilt at a location other than the insured location. The replacement dwelling purchased by the

11

wife cost $110,000, which was less than the applicable policy limits.

Following the fire, Travelers agreed to pay the couple the limit of the policy plus 5% of the policy limit for debris removal for a total of $129,150. Travelers further agreed that if the damaged dwelling was "repaired or replaced," it would make an additional payment of $23,308.11 (the holdback). The holdback amount consisted of the difference between the estimated replacement cost, $145,198.20, and the limit of liability, $123,000 + $1,109.91 for additional debris removal.

The plaintiffs subsequently filed suit seeking to recover the holdback amount.

The appellate court affirmed summary judgment in favor of Travelers. The Court held that the wife was not entitled to any additional payments because the house she purchased following the fire, at a different location, cost less than the policy limits which Travelers had already tendered. The Court also held that the husband was not entitled to any additional payment because he had already purchased a home as part of the divorce before the fire and, therefore, his home purchase did not constitute a "replacement" under the terms of the policy. 211 A.D.2d at 132-33.

In *Kumar*, the Court was presented with facts and policy language dissimilar to the facts and policy language presented

12

to the Court in this matter.  The Chubb policy clearly and unambiguously provides a basis of payment when the insured does not "repair, replace, or rebuild" at the same location.

The Court in *Kumar* also noted that the case was one of "first impression" for the appellate courts of New York.  211 A.D.2d at 128.  The Court also noted that the "same premises" provisions in insurance policies had been construed by numerous courts in other states[2]; however, <u>none</u> of the cases cited by the Courts contained the same language as the Chubb policy before the Court and <u>none</u> of the cases involved an issue or facts similar to those presented in this motion.

## CONCLUSION

The policy language in question is clear and unambiguous. The plaintiffs are not entitled to extended replacement cost benefits simply because they are not rebuilding at the same location.

There is no genuine issue as to any material fact and Chubb is entitled to a judgment as a matter of law.

                                      /s/ William B. Jakes, III
William B. Jakes, III (#10247)
HOWELL & FISHER, PLLC
Court Square Building

---

[2] 211 A.D.2d 128 at 131.

13

300 James Robertson Parkway
Nashville, TN  37201-1107
(615) 244-3370
Attorney for Defendant Chubb
National Insurance Company

**CERTIFICATE OF SERVICE**

    I certify that on May 29, 2008, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

Edward A. Hadley
NORTH, PURSELL, RAMOS & JAMESON, PLC
414 Union Street
Bank of America Plaza, Suite 1850
Nashville, TN 37219

                                    /s/ William B. Jakes, III
                                    William B. Jakes, III